Argued and submitted February 23, conviction affirmed and remanded for
resentencing April 8, 1987

## STATE OF OREGON,
*Respondent,*

*v.*

## MARY MAGDALENE NUNN,
*Appellant.*

(10-85-10648; CA A39998)

734 P2d 1375

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant challenges the sentences which she received for manslaughter in the second degree and driving under the influence of intoxicants. We remand for resentencing.

■     Defendant was sentenced to ten years imprisonment on the manslaughter charge. The trial court suspended imposition of the sentence for DUII and placed her on probation for five years, conditioned on her serving one year in the county jail, consecutive to the time served for manslaughter. Contrary to defendant's contention, we do not read the judgment as imposing probation consecutive to the prison term and thereby violating ORS 137.010. The sentencing order provides that the jail term which defendant is to serve as a condition of probation will run consecutively to the sentence imposed for manslaughter *if* she is released from custody on that charge before her period of probation expires. However, if the probationary period expires while she is imprisoned on the manslaughter charge, the probation will end; she will not be required to serve time in the county jail.

■     Nevertheless, we must remand for resentencing. ORS 137.540(2)(a) authorizes a trial court to order, as a condition of probation, that a defendant be confined to the county jail for the *lesser* of one year or one-half of the maximum period that could be imposed for the offense. DUII is a Class A misdemeanor, ORS 813.010 (*former* ORS 487.540), subject to a maximum one-year sentence. ORS 161.615(1). Accordingly, defendant can be required to serve no more than six months as a condition of probation.

We have considered defendant's second assignment of error and hold that, under ORS 161.062(1), merger is not required.

Conviction affirmed; remanded for resentencing.